UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED
JUN 02 2022
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.                                    INDICTMENT NO. 5:22-cr-62-KKC

CASEY SCOTT ARMSTRONG

\* \* \* \* \*

THE GRAND JURY CHARGES:

### COUNT 1
### 18 U.S.C. § 2251(a)

In or about September 2021, in Boyle County, in the Eastern District of Kentucky, and elsewhere,

**CASEY SCOTT ARMSTRONG**

employed, used, persuaded, induced, enticed, and/or coerced a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct, knowing and having reason to know that such visual depictions would be produced or transmitted using materials that had been mailed, shipped, or transmitted in or affecting interstate or foreign commerce by any means, including by computer, all in violation of 18 U.S.C. § 2251(a).

### COUNT 2
### 18 U.S.C. § 841(a)(1)

On or about August 5-7, 2021, in Boyle County, in the Eastern District of Kentucky,

and elsewhere,

## CASEY SCOTT ARMSTRONG

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## FORFEITURE ALLEGATION
## 18 U.S.C. § 2253

By virtue of the commission of the offenses alleged in this Indictment, any and all interest **CASEY SCOTT ARMSTRONG** has in the property used or intended to be used to commit or promote the commission of the offenses, or any property traceable to such property, including, but not limited to:

-Apple iPhone XR, Serial No.: DX3ZM8KEKXKN, IMEI: 35 644410 427097 0.

is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 2253.

**A TRUE BILL**

███████████████

**FOREPERSON**

_/s/ Carlton S. Shier_

**CARLTON S. SHIER, IV**
**UNITED STATES ATTORNEY**

## PENALTIES

**COUNT 1:** Not less than 15 years nor more than 30 years imprisonment, $250,000 fine, and not less than 5 years nor more than a lifetime term of supervised release.

**COUNT 2:** Not more than 20 years imprisonment, not more than $1,000,000 fine, and not less than a three-year term of supervised release.

**PLUS:** Forfeiture of all listed property.

**PLUS:** Mandatory special assessment of $100 per count.

Additional mandatory special assessment of $5,000 per count, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including those in chapter 110.

Pursuant to 18 U.S.C. §2259A, per count of no more than:

(1) $17,000.00 if convicted of 18 U.S.C. §2252(a)(4) or §2252A(a)(5);

(2) $35,000.00 if convicted of any other trafficking in child pornography offense as defined by §2259(c)(3), which includes offenses under 18 U.S.C. §§2251(d), 2252(a)(1) through (3), 2252A(a)(1) through (4), 2252A(g) (in cases in which the series of felony violations exclusively involves violations of sections 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)), or 2260(b);

(3) $50,000.00 if convicted of child pornography production as defined by 18 U.S.C. §2259(c)(1), which includes offenses under 18 U.S.C. §2251(a) through (c), 2251A, 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this subsection), 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in section 2256).

**PLUS:** Restitution, if applicable.