

Eastern District of Kentucky
FILED
AUG 0 1 2022
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CRIMINAL ACTION NO. 22-CR-62-KKC**

**UNITED STATES OF AMERICA**             **PLAINTIFF**

V.             <u>**PLEA AGREEMENT**</u>

**CASEY SCOTT ARMSTRONG**             **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 2251(a), employing, using, persuading, inducing, enticing, and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. The United States will dismiss Count 2 at the time of sentencing.

2. The essential elements of 18 U.S.C. § 2251(a) are:

    (a)     The Defendant employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

    (b)     The Defendant knew or had reason to know that such visual depiction would be transported or transmitted using a means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, or the visual depiction was produced or transmitted using materials that were mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

3. As to Count 1 charged in the Indictment, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts. The Defendant acknowledges that the facts admitted under this paragraph are not all of the facts that the Government would prove at trial.

(a) From approximately 2019 to July 2021, the Defendant—an adult resident of Danville, Kentucky in the Eastern District of Kentucky—maintained a romantic relationship with Minor 1's mother and lived at the same residence as Minor 1 and her mother. In March 2021, the Defendant began sharing methamphetamine with thirteen-year-old Minor 1. In May 2021, the Defendant began engaging in sexual acts with thirteen-year-old Minor 1. Thereafter, the Defendant engaged in vaginal intercourse with Minor 1 on numerous occasions.

(b) In July 2021, the Defendant and Minor 1's mother terminated their romantic relationship, causing Minor 1 and her mother to move out of the Defendant's home in Danville. After Minor 1 moved out of the Defendant's home, Minor 1 continued to visit the Defendant, staying at his home in Danville during weekends. Minor 1's mother, who was unaware of the Defendant's sharing of drugs and engagement in sex with Minor 1, allowed and encouraged these visits because she thought the Defendant acted as a father figure to Minor 1.

(c) One such visit by Minor 1 to the Defendant's home occurred from August 5-7, 2021. During that time, Minor 1's friend, Minor 2, also visited the Defendant's home. During those three days, the Defendant supplied Minor 1 and Minor 2 methamphetamine and had vaginal intercourse with each minor.

(d) Minor 1 continued to visit the Defendant at his home in September and October 2021. In September 2021, the Defendant took two videos of himself engaging in sexually explicit conduct with then fourteen-year-old Minor 1, using his iPhone XR to capture and store the videos. In video "DSC_2147," the camera is focused on Minor 1's anus and genitalia and then the Defendant's penis begins to vaginally penetrate Minor 1 from the rear. Video "DSC_2148" first shows Minor 1 lying nude on her back on a bed with one arm tied to the headboard and then shows the Defendant vaginally penetrate Minor 1 with his penis.

(e) The Defendant admits that he knowingly used Minor 1—then fourteen years old—to engage in sexually explicit conduct for the purpose of creating a visual depiction of that conduct while in the Eastern District of Kentucky. The Defendant further admits that these visual depictions involved sexual contact between himself and Minor 1. The Defendant also admits that Minor 1 was in his custody, care, or supervisory control when he created the sexually explicit visual depictions of Minor 1. Finally, the Defendant admits that the videos were produced using an iPhone XR camera that had been produced outside of Kentucky and, therefore, had traveled in interstate commerce prior to being used to produce the sexually explicit images.

4. The statutory punishment for the offense is imprisonment for not less than 15 years and not more than 30 years, a fine of not more than $250,000, and a term of supervised release of not less than 5 years and up to life. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea. An additional mandatory special assessment of $5,000 applies, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including those in chapter 110 (which includes the offense to which the Defendant is pleading guilty). The Defendant will pay this assessment to the U.S. District Court Clerk after the sentencing hearing, in accordance with the Judgment, if the Court determines the Defendant is non-indigent and orders such assessment to be paid. Moreover, the Defendant acknowledges that, pursuant to 18 U.S.C. §2259A(a)(3), an assessment per count of no more than $50,000 may apply to any person convicted of a child pornography production offense as defined by 18 U.S.C. § 2259(c)(1).

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) The United States Sentencing Guidelines (U.S.S.G.) Manual in effect at the time of sentencing will determine the Defendant's guideline range. The November 1, 2021, Manual guideline calculations are listed below.

    (b) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

    (c) Pursuant to U.S.S.G. § 2G2.1(b)(1)(B), increase the offense level by 2 levels because the offense involved a minor that was at least 12, but had not attained the age of 16.

    (d) Pursuant to U.S.S.G. § 2G2.1(b)(2)(A), increase the offense level by 2 levels because the offense involved a sexual act or sexual contact.

    (e) Pursuant to U.S.S.G. §2G2.1(b)(5), increase the offense level by 2 levels because the minor was in the custody, care, or supervisory control of the Defendant.

    (f) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

    (g) Pursuant to U.S.S.G. § 5E1.1, restitution will be determined at sentencing or at a separate restitution hearing. The Defendant agrees to pay restitution equal to the loss caused Minor 1, the victim of the offense of conviction, or any victim of the Defendant's relevant conduct (specifically including individuals that are not victims of the offense of conviction), including Minor 2, to whom he distributed methamphetamine, pursuant to 18 U.S.C. §§ 2259, 3663 and/or 3663A. Similarly, the Defendant agrees all victims of relevant conduct, not just victims of the offense of conviction, will have the right to allocution at the time of sentencing.

6. The Defendant and the United States have not reached an agreement as to the application of the following enhancements and therefore both parties may argue in favor

4

of or against the application of the following guideline enhancements: a) U.S.S.G. § 2G2.1(b)(4), which increases the offense level by 4 if the offense involves sadistic or masochistic conduct or other depictions of violence; b) U.S.S.G. § 3A1.1(b)(1), which increases the offense level by 2 if the Defendant knew or should have known that the victim of the offense was a vulnerable victim (because she was under the influence of narcotics that had been provided by the Defendant at the time of the offense and during other relevant conduct); and c) U.S.S.G. § 4B1.5(b), which increases the offense level by 5 levels if the Defendant's offense of conviction is a covered sex crime and the Defendant engaged in a pattern of activity involving prohibited sexual conduct.

7. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

9. The Defendant waives the right to appeal his guilty plea and his conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

10. The Defendant will forfeit to the United States all interest in any property that was used to commit or promote the commission of the offense and will execute any documents necessary for this forfeiture. Specifically the Defendant will forfeit his interest in the property listed in the forfeiture allegation of the indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that there is a nexus between

the property and the criminal violation, and/or that the property contains illegal contraband images. The Defendant further waives any and all provisions of Rule 32.2 relating to the timing of entry of forfeiture orders.

11. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

12. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial

Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

13. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, information relating to intended foreign travel, or other relevant information. *See* 34 U.S.C. § 20914(a) & (c). The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under

18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

14. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

15. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

16. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

17. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

18. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 8-1-22   By: *David A. Marye for*
Erin M. Roth
Assistant United States Attorney

Date: 8/1/22
Casey Scott Armstrong
Defendant

Date: 8/1/22
Benjamin D. Allen
Attorney for Defendant

9